UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE DAVIS, SR.,

    Plaintiff,

CASE NO.: 8:16cv 3509 T23TGW

v.

**JURY TRIAL DEMANDED**

FRONTIER FLORIDA LLC f/k/a
VERIZON FLORIDA LLC, and MRS BPO, L.L.C.,
and ORION PORTFOLIO SERVICES, LLC,
and TRIDENT ASSET MANAGEMENT L.L.C.,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Wayne Davis, Sr. ("Mr. Davis" or "Plaintiff"), by and through undersigned counsel, sues Frontier Florida LLC, f/k/a Verizon Florida LLC, MRS BPO, L.L.C., Orion Portfolio Services, LLC, and Trident Asset Management L.L.C., and states as follows:

### PRELIMINARY STATEMENT

1.    Mr. Davis brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Mr. Davis brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.



3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4.      Plaintiff, Wayne Davis, Sr. ("Mr. Davis" or "Plaintiff'), is a natural person who resides in Pinellas County, Florida. Mr. Davis is also a "consumer" as that term is defined by Fla. Stat. § 559.55(8) and 15 U.S.C. § 1692a(3).

5.      Defendant, Frontier Florida LLC, f/k/a Verizon Florida LLC ("Verizon"), is a limited liability company, is headquartered in Florida, does business in the State of Florida, and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5) and 15 U.S.C. § 1692a(4).

6.      Defendant, MRS BPO, L.L.C., ("MRS"), is a limited liability company, is headquartered in New Jersey, does business in the State of Florida, and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(6).

7.      Defendant, Orion Portfolio Services, LLC ("Orion") is a limited liability company, is headquartered in Georgia, does business in the State of Florida, and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(6).

8.      Defendant, Trident Asset Management L.L.C, ("Trident," together with Verizon, MRS, and Orion, the "Defendants") is a limited liability company, is headquartered in Georgia, does business in the State of Florida, and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(6).

9.      Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

10.    The conduct of Defendants was authorized, approved, and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

## FACTUAL ALLEGATIONS

11.    Mr. Davis had an account with Verizon for his residential telephone and internet services. On or about March 21, 2012, Mr. Davis cancelled his account with Verizon and switched to a different service provider. Mr. Davis received the confirmation number 0F3976881 from Verizon as evidence that he cancelled his account.

12.    After the cancellation of his account, Verizon owed Mr. Davis a credit in the amount of $12.68 for overpayment. A copy of the statement sent by Verizon to Mr. Davis showing that Verizon owed Mr. Davis $12.68 is attached hereto as "**Exhibit A**."

13.    Nevertheless, despite Verizon owing Mr. Davis a credit, On May 25, 2012, Verizon sent Mr. Davis a billing statement demanding payment in the amount of $32.30 (the "Alleged Debt"). A copy of this billing statement is attached hereto as "**Exhibit B**."

14.    Mr. Davis retained counsel from the law firm of de Beaubien Knight Simmons Mantzaris & Neal LLP ("Counsel") to represent Mr. Davis regarding the Alleged Debt. On June 12, 2012, Mr. Davis' Counsel sent a letter to Verizon informing Verizon that Mr. Davis disputed the Alleged Debt because Mr. Davis had cancelled his account and because Verizon owed Mr. Davis $12.68. Mr. Davis' Counsel also demanded that Verizon cease its collection efforts and

close Mr. Davis' account with a zero balance. A copy of the letter sent by Mr. Davis' Counsel to Verizon is attached hereto as "**Exhibit C**."

15.     Despite correspondence sent by Mr. Davis' Counsel to Verizon, Verizon continued to attempt to collect the Alleged Debt. On October 25, 2012, Verizon sent another billing statement to Mr. Davis attempting to collect an amount of $136.26. A copy of this billing statement is attached hereto as "**Exhibit D**."

16.     Near the end of 2012, Mr. Davis spoke to a corporate representative at Verizon's headquarters over the phone and again asked Verizon to close his account. The corporate representative responded to Mr. Davis by stating that there was nothing Verizon could do because Verizon had sent the Alleged Debt to collections.

17.     In approximately March 2015, MRS began calling Mr. Davis' home telephone attempting to collect the Alleged Debt. In March 2015, Mr. Davis spoke to an MRS representative and told MRS that he did not owe a debt and told MRS to stop calling. During the same phone call, Mr. Davis demanded to speak to a supervisor. Mr. Davis repeated his cease and desist request to the MRS supervisor.

18.     Notwithstanding Mr. Davis' telling MRS that he did not owe the Alleged Debt and despite Mr. Davis telling MRS to stop calling, MRS continued to call Mr. Davis approximately three times a week attempting to collect the Alleged Debt.

19.     Shortly thereafter, Verizon recalled the Alleged Debt from MRS and sold the Alleged Debt to Orion. Orion employed Trident to conduct collection services. On January 16, 2016, February 12, 2016, and February 16, 2016, Trident sent Mr. Davis billing statements indicating that Orion had purchased the account and that Orion hired Trident to collect the Alleged Debt.

20.     The billing statements sent by Trident lists Verizon as the original creditor, seeks to collect a balance of $136.26, and asks Mr. Davis to remit payment in the form of a cashier's check or money order.

21.     In addition to sending Mr. Davis several billing statements, Trident, acting on behalf of Orion, also began calling Mr. Davis' home phone approximately twice a week attempting to collect the Alleged Debt. Mr. Davis told Trident approximately four or five times over the phone that he did not owe the Alleged Debt and told Trident to stop calling.

22.     During this conversation between Mr. Davis and Trident, Trident requested that Mr. Davis send Trident the information regarding his cancelled account with Verizon and Mr. Davis' cease and desist request be mail. In response, Mr. Davis sent Trident a letter by certified mail indicating that Mr. Davis did not owe the Alleged Debt and requested that Trident stop calling.

23.     Additionally, on January 16, 2016, Mr. Davis' Counsel sent both Verizon and Trident a letter stating that Mr. Davis had retained counsel as to the Alleged Debt and demanded that both Trident and Verizon cease its collection activities. Nonetheless, Trident continued to call Mr. Davis in an attempt to collect the Alleged Debt on Orion's behalf.

24.     The Alleged Debt was for a residential landline and residential internet service and is therefore a "debt" as defined by Fla. Stat. § 559.55(6) and 15 U.S.C. § 1692a(5).

25.     As detailed below, the Defendants' actions constitute violations of the FCCPA and FDCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT VERIZON

26.     This is an action against Verizon for violation of Fla. Stat. § 559.55 *et seq*.

27.     Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

28.     The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as defined by Fla. Stat. § 559.55(6).

29.     Verizon communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

30.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

31.     Through its conduct, described above, Verizon, directly and through its agents, MRS, Orion, and Trident, violated the above sections of the FCCPA.

32.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

33.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Verizon is liable to Mr. Davis for actual damages, statutory damages, and reasonable attorney's fees and costs.

34.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Verizon as described herein, Mr. Davis is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment against Verizon, finding that Verizon violated the FCCPA, awarding Mr. Davis actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Mr. Davis any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FCCPA BY DEFENDANT MRS

35.     This is an action against MRS for violation of Fla. Stat. § 559.55 *et seq.*

36.     Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

37.     The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6).

38.     MRS communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

39.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

40.     Through its conduct, described above, MRS directly and through its agents violated the above sections of the FCCPA.

41.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

42.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, MRS is liable to Mr. Davis for actual damages, statutory damages, and reasonable attorney's fees and costs.

43.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of MRS as described herein, Mr. Davis is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment against MRS, finding that MRS violated the FCCPA, awarding Mr. Davis actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Mr. Davis any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FDCPA BY DEFENDANT ORION

44. This is an action against Orion for violation of 15 U.S.C. § 1692 *et seq.*

45. Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

46. The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

47. Orion communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication" as defined by 15 U.S.C. § 1692a(2).

48. Through the conduct described above, Orion violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

50.     As a result of Orion's violations of the FDCPA, Mr. Davis is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Mr. Davis is entitled to under the law.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment in Mr. Davis' favor finding that Orion has violated the FDCPA; awarding Mr. Davis actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE FCCPA BY DEFENDANT ORION

51.     This is an action against Orion for violation of Fla. Stat. § 559.55 *et seq*.

52.     Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

53.     The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6).

54.     Orion communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

55.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

56.    Through its conduct, described above, Orion directly and through its agents violated the above sections of the FCCPA.

57.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

58.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Orion is liable to Mr. Davis for actual damages, statutory damages, and reasonable attorney's fees and costs.

59.    Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Orion as described herein, Mr. Davis is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment against Orion, finding that Orion violated the FCCPA, awarding Mr. Davis actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Mr. Davis any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATION OF THE FDCPA BY DEFENDANT TRIDENT

60.    This is an action against Trident for violation of 15 U.S.C. § 1692 *et seq.*

61.    Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

62.    The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

63.     Trident communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication" as defined by 15 U.S.C. § 1692a(2).

64.     Through the conduct described above, Trident violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c(2)

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

66.    As a result of Trident's violations of the FDCPA, Mr. Davis is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Mr. Davis is entitled to under the law.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment in Mr. Davis' favor finding that Trident has violated the FDCPA; awarding Mr. Davis actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VI

## VIOLATION OF THE FCCPA BY DEFENDANT TRIDENT

67.    This is an action against Trident for violation of Fla. Stat. § 559.55 *et seq.*

68.    Mr. Davis re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

69.    The Alleged Debt was a transaction primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6).

70.    Trident communicated, directly and/or indirectly, certain information to Mr. Davis as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

71.    Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

72.     Through its conduct, described above, Trident directly and through its agents violated the above sections of the FCCPA.

73.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

74.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Trident is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

75.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Trident as described herein, Mr. Davis is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Mr. Davis respectfully requests this Court enter a judgment against Trident, finding that Trident violated the FCCPA, awarding Mr. Davis actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Mr. Davis any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const.

Amend. 7 and Fed. R. Civ. P. 38.

Dated: December 28, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

_____

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No. 106230
e-mail: pwestfall@centroneshrader.com
**Attorneys for Plaintiff**

# EXHIBIT

# A



# EXHIBIT
# B

June 5, 2012
Page 3 of 3



| Account Number | Due Date | Amount Due |
|---|---|---|
| 15 2333 0638032598 |06 | 07/18/12 | $32.30 |

**Account Information**

Statement Date: 6/25/12
WAYNE DAVIS
Customer Account: 0638032598

**Account Summary**

| | |
|---|---|
| Previous Balance | $6.31 |
| No Payment Received | $.00 |
| Balance Forward | $6.31 |

**New Charges**

| | |
|---|---|
| Current Activity | $18.99 |
| Verizon Surcharges and Other Charges & Credits | $7.00 |
| Total New Charges due by June 18, 2012 | $25.99 |

| **Amount Due** | **$32.30** |
|---|---|

*Best Of The Verizon News*

**Dollar Bundles That Save**
Call 1-888-297-5099 or visit verizon.com/supreme
to make sure that you're getting the best Verizon
services at the best value. From phone, Internet and
TV bundles, to international plans and fun add-ons,
together you'll find ways to save you more on Verizon's
superior services.

**Moving? Call Verizon First**
Before you move, call Verizon to set up your Internet,
TV and phone in your new home. It's easy and hassle
free! Plus, ask about our great money-saving bundle
offers. Call 1-866-VZMOVES to find the best bundle
for you. Service availability varies.

*File # 882-262*

**Want Automatic Payment?**
Enroll below or at Verizon.com to authorize your financial
institution to deduct the amount of your monthly bill from
the account associated with your enclosed check and
send payment directly to Verizon. To discontinue
Automatic Payment, call Verizon. Please keep a copy of
this authorization.

**Questions about your bill or service?**
View your bills in detail at verizon.com or call 1-800-VERIZON (1-800-837-4966).
When asked for your account number, please enter 0638032598. Reach us by TTY at
1-800-974-6006.

*Please return radil side with payment.*

To enroll in Automatic Payment sign and date below:



_____

| Account Number: | 15 2333 0638032598 06 |
|---|---|
| New Charges Due: | Jun 18, 2012 |
| Amount Due: $32.30 | 052512 |

*Make check payable to Verizon*

$ [ ][ ] . [ ][ ]

00016613 01 AV  0.350  VF052511 0p88 XX
WAYNE DAVIS
501 69TH ST S
SAINT PETERS FL 33707-1724

VERIZON FLORIDA LLC
PO BOX 920041
DALLAS TX 75392-0041

15 2333 0638032598 06N00Q000000631 Q000000003230 04

# EXHIBIT

# C

 **DE BEAUBIEN KNIGHT SIMMONS MANTZARIS & NEAL LLP**
ATTORNEYS AND COUNSELLORS AT LAW
ORLANDO | TALLAHASSEE | TAMPA
WWW.DBKSMN.COM

| **TALLAHASSEE OFFICE** | **MAIN OFFICE** | **TAMPA OFFICE** |
|---|---|---|
| 725 East Park Avenue | Post Office Box 87 | 609 West Horatio Street |
| Tallahassee, Florida 32301 | 332 North Magnolia Avenue | Tampa, Florida 33606 |
| | Orlando, Florida 32802-0087 | |
| | 407-992-3686 | |
| | Telefax 407-420-3092 | |

Reply to: Main Office
June 12, 2012

Verizon Florida LLC
P.O. Box 920041
Dallas, TX 75392-0041

Re:     Wayne Davis
        Customer Account No.:     0638032598
        Our File #:               882262

Dear Sir or Madam:

This letter is written on behalf of Wayne Davis regarding the above-referenced account. Mr. Davis informs us that he terminated the service with you on March 21, 2012. Enclosed please find an invoice dated March 25, 2012. As you can see, the invoice shows a credit of $12.68. However, Mr. Davis received an invoice dated June 18, 2012 for $32.30 (see the enclosed). Mr. Davis disputes the fee because he had already cancelled the service. As such, Mr. Davis demands that you cease your collection efforts and close his account with a zero balance.

Please respond in writing to Wayne Davis, c/o de Beaubien, Knight, Simmons, Mantzaris & Neal, LLP, Post Office Box 87, Orlando, Florida 32802-0087.

Please be advised that if we do not receive a satisfactory written response within twenty (20) days from the date of this letter, we will advise Mr. Davis as to the avenues available to protect his legal rights.

Thank you for your attention to this matter.

Sincerely,

Alexandra Vargas

AXV:jsl
Enclosure
Cc:     Wayne Davis

R:\Title 1\A.X.V\Davis Wayne • 882262 Verizon Bill Dispute (s).docx

# EXHIBIT
# D

**verizon**

| | Account Number | Due Date | Amount Due |
|---|---|---|---|
| | 15 2333 0638032598 03 | 11/18/12 | $138.26 |

## Account Information

Statement Date: 10/25/12
WAYNE DAVIS
Customer Account: 0638032598

## Account Summary

| | |
|---|---|
| Previous Balance | $141.26 |
| No Payment Received | $.00 |
| Balance Forward | $141.26 |

## New Charges

| | |
|---|---|
| Current Activity | –$12.00 |
| Verizon Surcharges and Other Charges & Credits | $7.00 |
| Total New Charges | –$5.00 |
| **Amount Due** | **$138.26** |

*Called 11/5/12 @ 2pm Given w/comp service*
*Asked we'd not cancel/disconel service*
*we only ported the telephone #*
*Called PPL 11/5/12 @ 2#p*
*Verizpr home*

### Save With Verizon.

Did you know you could be eligible for savings on Verizon product? Call us at 1-888-826-6690 today to review your account.

### Faster Speeds, Plus DIRECTV

Upgrade to Verizon High Speed Internet Enhanced, and add DIRECTV service with over 205 top channels to your home phone for ONLY $70.97/mo. for 1-yr. after TV rebate w/24-mo. DIRECTV agmt. Call 1-888-505-7598. Limited-time offer. Subj. to taxes & fees. Terms & restrictions apply.

### Get More Speed – $34.99/mo.

Get Verizon High Speed Internet Enhanced and surf faster with the highest speed tiers available for $34.99/mo. for 1yr. with NO TERM CONTRACT REQ'D. Call 1-888-638-2299 now to upgrade. Limited-time offer. Subject to taxes and fees. Terms and restrictions apply.

### Want Automatic Payment?

Enroll below or at Verizon.com to authorize your financial institution to deduct the amount of your monthly bill from the account associated with your enclosed check and send payment directly to Verizon. To discontinue Automatic Payment, call Verizon. Please keep a copy of this authorization.

### Questions about your bill or service?

View your bills in detail at verizon.com or call 1-800-VERIZON (1-800-837-4966). When asked for your account number, please enter 0638032598. Customers with disabilities call 1-800-974-6006 TTY.

Please return remit slip with payment.

To enroll in Automatic Payment (Sign and date below)

By signing above I verify that I have reviewed and accepted the terms and conditions at verizon.com/autopay/terms for an entity bill payment

| | Account Number: | 15 2333 0638032598 03 |
|---|---|---|
| | New Charges Due: | Nov 18, 2012 |
| | Amount Due: $138.26 | 102512 |

Make check payable to Verizon

$ ☐☐☐.☐☐

00017155 01 AV 0.350 VF102511 0072 XX
WAYNE DAVIS
301 59TH ST S
SAINT PETRSB FL 33707-1724

VERIZON FLORIDA LLC
PO BOX 920041
DALLAS TX 75392-0041

15 2333 0638032598 06N000000014126 0000000013626 03

R:\Title 1\L.L.M\Davis, Wayne - 882262 - Experian TransUnion Equifax - Final.docx